**JOSEPH D. SEAGRAM & SONS, INC. Plaintiff**

v.

**COMMERCIAL CREDIT CORPORATION OF AMERICAN SAMOA and ELIZABETH S. PERRI, Defendants**

High Court of American Samoa
Trial Division

CA No. 117-94

December 7, 1995

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and LOGOAI, Associate Judge.

Counsel:     For Plaintiff, Albert Mailo
             For Defendants, Marshall Ashley

Opinion and Order:

## HISTORY

Plaintiff Joseph D. Seagram & Sons, Inc. ("Seagrams") distributed alcoholic beverages to defendant Commercial Credit Corporation of American Samoa ("CCCAS") for a number of years, pursuant to an oral agreement that the goods would be paid for within a reasonable time of approximately 30 days. At some point in the relationship CCCAS fell behind in its payments to Seagrams, and in 1993 altogether ceased making such payments. The delinquent balance is $39,483.99.

## DISCUSSION

CCCAS and defendant Elizabeth S. Perri ("Perri") assert two defenses: first, that the seller named in the invoice is a different entity than Seagrams; and second that Perri, as an officer of the corporation, cannot be held liable for corporate debts.

### 1.     Seller Named in the Invoice

Although agency law is sometimes a complicated matter, no elaborate explanation is needed in this case. It is textbook agency law that agency exists where a principal has the right to control the conduct of an agent, and the agent has power to affect the legal relations of the principal. WARREN A. SEAVEY, AGENCY § 3 (West 1977). On this basis, we find that the sellers named in the invoices were agents for Seagrams. Furthermore, it is also textbook agency law that a party who conducts a transaction with an agent is liable to a disclosed[1] principal to the same extent as if the principal had conducted the transaction. *Id.* § 108. CCCAS is clearly liable to Seagrams.

### 2.     Perri's Liability for CCAS's Debts

One of the fundamental reasons for forming corporations is to shield stockholders, officers, and directors from personal liability for business

---

[1] We see no plausible argument that the principal was not disclosed in this case, since the agents' names included the "Seagram" name, and the invoices listed Seagrams as the proper payee.

debts. HARRY G. HENN, LAW OF CORPORATIONS § 146 (West 1979). The corporate veil will not be pierced to attach liability to such individuals unless the corporation is being used as a shield for crime, fraud, or other practices inconsistent with the purposes of corporations. *Id.* In the present case, we see no evidence of bad faith conduct on Perri's part. We will, therefore, dismiss Perri as a defendant in this lawsuit pursuant to T.C.R.C.P. Rule 21.

### ORDER

Perri is dismissed as a defendant. However, we will enter judgment against CCCAS and in Seagrams' favor in the principal amount of $39,483.99, plus post-judgment interest at the rate of 6% per annum from the entry date of judgment.

It is so ordered.